Stacey C. Stone, AK Bar No. 1005030
701 W. 8th Ave, Suite 700
Anchorage, Alaska 99501
Telephone:   (907) 274-0666
Facsimile:   (907) 277-4657
Email: sstone@hwb-law.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| TIMOTHY A. MCKEEVER,<br>701 W. 8th Avenue, Suite 700<br>Anchorage, AK 99501<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br><br>and<br><br>ENVIRONMENTAL PROTECTION<br>AGENCY,<br>Ariel Rios Building<br>1200 Pennsylvania Ave., NW<br>Washington, D.C. 20460<br><br>Defendants. | COMPLAINT FOR INJUNCTIVE RELIEF<br><br>(5 U.S.C. § 552)<br><br><br><br><br><br><br><br><br><br><br><br>Case No.: _____ |

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure of certain agency records in the possession of the Environmental Protection Agency (EPA) and the United States Department of Justice (DOJ), which defendants EPA and the DOJ have improperly withheld from plaintiff.

COMPLAINT FOR INJUNCTIVE RELIEF                                                                    Page **1** of **9**
*Timothy A. McKeever v. U.S. Department of Justice, et al.*                                Case No._____

Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 1 of 9

## Jurisdiction and Venue

2. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff, Timothy A. McKeever, is the requestor of the records defendants are now withholding. Mr. McKeever is an attorney with the law firm Holmes, Weddle & Barcott, P.C. Mr. McKeever has his principal place of business in Anchorage, Alaska.

4. Defendant EPA is an independent agency of the United States Government. The EPA is an agency within the meaning of 5 U.S.C. § 552(f).

5. Defendant DOJ is a Department of the Executive Branch of the United States Government. The DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

## Plaintiff's FOIA Request, Agency Responses, and Administrative Appeals

6. Plaintiff requested certain agency records from defendants pursuant to the Freedom of Information Act (FOIA). Upon information and belief, public review of these records may affect the upcoming elections for public office in the Lake and Peninsula Borough, Alaska. The Lake and Peninsula Borough Municipal General Election will be held on October 2, 2018. Prompt release of the agency records requested by plaintiff's FOIA request is essential because of the immediate public interest in this information.

7. Upon information and belief, these records may also bring information to light that has bearing on the current lawsuit *Seybert, et al. v. Alsworth Sr. et al.*, Case No. 3DI-12-00059 CI, currently set for trial in Alaska Superior Court beginning September 17, 2018. The lawsuit accuses one current and one former Lake and Peninsula Borough public official of impropriety related to monies and gifts received from a variety of entities.

COMPLAINT FOR INJUNCTIVE RELIEF    Page **2** of **9**
*Timothy A. McKeever v. U.S. Department of Justice, et al.*    Case No._____
Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 2 of 9

Plaintiff is one of the attorneys who represent the plaintiffs in that lawsuit. Prompt release of the agency records requested by plaintiff's FOIA request is essential because of the impending trial.

8. On July 21, 2016, plaintiff submitted the following request via FOIAonline: "Copies of all documents produced by Pebble Limited Partnership and/or its parent company Northern Dynasty Minerals Ltd. and/or any other entity, to the U.S. Environmental Protection Agency and/or the U.S. Department of Justice in response to Requests for Production 19-21, 23, 25-26 in Defendants' First Set of Requests for Production of Documents at 6, Exhibit 1, Defendants' Motion to Compel [etc], Docket No. 209 in the case entitled Pebble Limited Partnership vs. Environmental Protection Agency, et al.; Case No. 3:14-cv-0171-HRH in the United States District Court for the District of Alaska. This request extends to all records or documents produced in response to the Order dated May 5, 2016 relating to the Motion to Compel in that case. (attached) The documents sought are those documents discussed in the paragraph beginning on page 10 of the attached Order which are ordered to be produced on pages 11 and 12 of the same." A copy of the May 5, 2016 Order described above was attached in support of the request. A copy of the July 21, 2016 FOIA request with the May 5, 2016 Order that was attached to the request is attached as Exhibit 1.

9. On August 30, 2016, by email to Ashley Palomaki, Assistant Regional Counsel to the Environmental Protection Agency, plaintiff narrowed his request to records responsive to the original request that contained the following key words or phrases: "Lake Clark Air," LCA, Tanalian, "The Farm Lodge," Farm, "E & M Enterprises," "E & M," "E&M," Grams, "Grams Café & B&B," "Iliamna Development Corporation," IDC, "Iliamna Natives Limited," INL, Anglo, "Defend Your Rights," DYR, SOS, Greg Anelon,

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT FOR INJUNCTIVE RELIEF  Page 3 of 9
*Timothy A. McKeever v. U.S. Department of Justice, et al.*  Case No._____
Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 3 of 9

"Jade North," "Lake and Peninsula Borough," "L&P," "L & P," LP, "Lake and Peninsula School District," "School District," Borough, LPBSD, "Lake and Pen," Myrtle Anelon, Anelon, Nuna, "Truth About Pebble," TAP, Glen Alsworth, Alsworth, "Lake and Peninsula Airlines," LPA, "Lorene Anelon," Lorene, and Glen. A copy of the August 30, 2016 email is attached as Exhibit 2.

10. Upon information and belief, the EPA identified about 6,500 records responsive to the narrowed request by October 11, 2016.

11. Upon information and belief, the EPA withheld about 2,000 responsive records on the ground that they were stamped "confidential" pursuant to the Second Amended Protective Order issued on May 16, 2016 by U.S. District Judge H. Russel Holland in *Pebble Limited Partnership vs. Environmental Protection Agency, et al.*; Case No. 3:14-cv-0171-HRH in the United States District Court for the District of Alaska. The EPA forwarded the 4,271 records responsive to plaintiff's FOIA request that were not stamped confidential to the DOJ for review and processing.

12. By letter dated February 23, 2017, the DOJ denied plaintiff access to all of the 4,271 records referred by the EPA, asserting that they were exempt from disclosure under Exemption 4, 5 U.S.C. § 552(b)(4), and Exemption 6, 5 U.S.C. § 552(b)(6). A copy of this letter is attached as Exhibit 3. The DOJ improperly allowed far more than 20 days to pass between the date of the July 21, 2016 request and the date it made a determination on the request, in violation of 5 U.S.C. § 552.

13. By letter dated April 25, 2017, plaintiff timely administratively appealed the February 23, 2017 denial of his request to the Office of Information Policy, DOJ. A copy of this letter is attached as Exhibit 4.

COMPLAINT FOR INJUNCTIVE RELIEF
*Timothy A. McKeever v. U.S. Department of Justice, et al.*   Case No._____
Page **4** of **9**

Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 4 of 9

14.  On or around September 25, 2017, far more than 20 working days after the appeal was received, again in violation of 5 U.S.C. § 552, the Office of Information Policy, DOJ, informed plaintiff that it had reviewed his appeal and was remanding plaintiff's request to the Civil Division of the DOJ for further review and processing of the responsive records. A copy of this letter is attached as Exhibit 5.

15.  By letter dated October 30, 2017, following a review of plaintiff's request and the responsive records on remand from the Office of Information Policy, the DOJ denied plaintiff access to 3,660 documents responsive his request, citing Exemption 4, 5 U.S.C. § 552(b)(4) and Exemption 6, 5 U.S.C. § 552(b)(6). The DOJ released 611 responsive documents to plaintiff. A copy of this letter is attached as Exhibit 6.

16.  By letter dated December 28, 2017, plaintiff timely administratively appealed the DOJ's decision to withhold the 3,660 documents to the Office of Information Policy, DOJ. A copy of this letter is attached as Exhibit 7.

17.  By letter dated May 24, 2018, again more than 20 working days from the date the appeal was received, the Office of Information Policy, DOJ, affirmed the DOJ's withholding of records pursuant to Exemption 6, 5 U.S.C. § 552(b)(6). It partially remanded plaintiff's request to the Civil Division, DOJ for further processing of the records withheld pursuant to Exemption 4, 5 U.S.C. § 552(b)(4). The decision does not indicate which records were withheld pursuant to which Exemption. A copy of this letter is attached as Exhibit 8.

18.  By letter dated July 5, 2018, the DOJ issued a decision on the partial remand of plaintiff's FOIA request. The DOJ reviewed all 3,660 records withheld from plaintiff. The DOJ withheld all 3,660 records on the grounds that, on this third review of the records, it determined that 3,639 records forwarded by the EPA were not responsive to plaintiff's

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT FOR INJUNCTIVE RELIEF  Page **5** of 9
*Timothy A. McKeever v. U.S. Department of Justice, et al.*  Case No._____

Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 5 of 9

request and the remaining 21 responsive records were protected from disclosure under Exemption 4, 5 U.S.C. § 552(b)(4). A copy of this letter is attached as Exhibit 9.

19. Plaintiff timely filed an administrative appeal of this July 5, 2018 agency determination withholding all 3,660 records to the Office of Information Policy, DOJ via a letter dated July 16, 2018. A copy of this letter is attached as Exhibit 10. Plaintiff's appeal was received by the Office of Information Policy, DOJ on July 17, 2018. A copy of the letter confirming receipt of the appeal is attached as Exhibit 11.

20. The FOIA requires an agency to make a determination on an administrative appeal within twenty working days after its receipt. 5 U.S.C. § 552(a)(6)(A)(ii). More than twenty working days have passed since the DOJ received plaintiff's administrative appeal. The DOJ has not made a determination on plaintiff's July 17, 2018 administrative appeal. Plaintiff has constructively exhausted his administrative remedies with respect to his FOIA request.

21. Plaintiff has also exhausted his administrative remedies because further review by the DOJ would be futile. The DOJ's decisions withholding the vast majority of the requested records from plaintiff under shifting rationales demonstrates that the DOJ's position withholding the records has already been firmly set.

22. Plaintiff has a right of access to the requested information pursuant to 5 U.S.C. § 552(a)(3), and there is no legal basis for defendants' denial of such access. Defendants have wrongfully withheld the requested records from plaintiff.

### Cause of Action 1:
### Violation of FOIA by the EPA

23. Paragraphs 1-22 are hereby incorporated by reference as if set forth fully herein.

COMPLAINT FOR INJUNCTIVE RELIEF  Page **6** of **9**
*Timothy A. McKeever v. U.S. Department of Justice, et al.*  Case No._____

Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 6 of 9

24. As described above, the EPA has unlawfully withheld records responsive to plaintiff's Freedom of Information Act request.

25. Plaintiff has a right of access to the requested information pursuant to 5 U.S.C. § 552(a)(3).

26. There is no legal basis for the EPA's withholding of the requested records.

27. The EPA has wrongfully withheld the requested records from plaintiff in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

28. Plaintiff has exhausted the applicable administrative remedies with regard to his FOIA request.

29. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Cause of Action 2:**

**Violation of FOIA by the DOJ**

30. Paragraphs 1-29 are hereby incorporated by reference as if set forth fully herein.

31. As described above, the DOJ has unlawfully withheld records responsive to plaintiff's Freedom of Information Act request.

32. Plaintiff has a right of access to the requested information pursuant to 5 U.S.C. § 552(a)(3).

33. There is no legal basis for the DOJ's withholding of the requested records.

34. The DOJ has wrongfully withheld the requested records from plaintiff in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

35. Plaintiff has exhausted the applicable administrative remedies with regard to his FOIA request.

COMPLAINT FOR INJUNCTIVE RELIEF Page **7** of **9**
*Timothy A. McKeever v. U.S. Department of Justice, et al.* Case No._____
Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 7 of 9

36. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Cause of Action 3:

## Violation of FOIA: Failure to Comply with Statutory Deadlines

37. Paragraphs 1-36 are hereby incorporated by reference as if set forth fully herein.

38. As described above, the DOJ violated FOIA by failing to make a determination on plaintiff's administrative appeal received by the DOJ on July 17, 2018 within the 20 working day time limit set out in 5 U.S.C. § 552(a)(6)(A)(ii).

39. Plaintiff has exhausted the applicable administrative remedies.

40. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Requested Relief

WHEREFORE, plaintiff requests this Court:

(1) Order defendants to promptly disclose the requested records in their entireties and make copies available to plaintiff;

(2) Expedite the proceedings in this action as provided for in 28 U.S.C. § 1657;

(3) Award plaintiff costs and reasonable attorney's fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT FOR INJUNCTIVE RELIEF  Page **8** of **9**
*Timothy A. McKeever v. U.S. Department of Justice, et al.*  Case No._____

Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 8 of 9

DATED this 20th day of August, 2018.

          HOLMES WEDDLE & BARCOTT, P.C.

          s/ Stacey C. Stone
          Stacey C. Stone, AK Bar No. 1005030
          701 W. 8th Ave, Suite 700
          Anchorage, Alaska 99501
          Telephone: (907) 274-0666
          Facsimile: (907) 277-4657
          Email: sstone@hwb-law.com
          Attorney for Plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF                         Page **9** of **9**
*Timothy A. McKeever v. U.S. Department of Justice, et al.*          Case No._____

Case 3:18-cv-00192-SLG   Document 1   Filed 08/21/18   Page 9 of 9